UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAKE BAIJOT-CLARY,<br><br>                    Plaintiff,<br><br>     vs.<br><br>GARTH HAYNES (individually and in his official capacity); CHRISTOPHER CHRISTMAN (individually and in his official capacity); GABRIEL SHANK (individually and in his official capacity); VINCENT FEUERSTEIN (individually and in his official capacity), and; THE CITY OF SEATTLE, a municipal corporation,<br><br>                    Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND PERSONAL INJURY<br><br>**JURY TRIAL DEMANDED** |

**JAKE BAIJOT-CLARY**, the Plaintiff herein, by and through the undersigned attorneys, hereby alleges as follows:

### I.   JURISDICTION AND VENUE

1.1.   This action is brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's Fourth and Fourteenth Amendments to the U.S. Constitution, and pursuant to various state common law claims. This Court has original jurisdiction over the subject

COMPLAINT FOR DAMAGES FOR
VIOLATIONS OF CIVIL RIGHTS AND
PERSONAL INJURY - 1
515576



CARNEY
GILLESPIE
ISITT PLLP

CHRISTOPHER CARNEY
CHRISTOPHER.CARNEY@CGI-LAW.COM
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

matter of this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367(a). Venue is properly set in the Western District at Seattle pursuant to 28 U.S.C. § 1391(b). The incidents complained of in this complaint occurred in King County, Washington and some or all of the defendants are residents of King County, Washington.

1.2. Before filing this action, Plaintiff timely filed a claim for damages with the City of Seattle on February 9, 2012, pursuant to RCW 4.96.020. As required by RCW 4.96.020, more than 60 days has expired since the filing of this claim for damages.

## II.   PARTIES

2.1. Plaintiff Jake Baijot-Clary ("Baijot-Clary") is a resident of Whatcom County, which is located in the Western District of Washington.

2.2. Defendant Garth Haynes ("Haynes") is a City of Seattle police officer and, upon information and belief, a resident of the Western District of Washington.

2.3. Defendant City of Seattle ("City") is a municipal corporation located in the Western District, functioning under the laws of the State of Washington. It employs the officers of the Seattle Police Department, including the officers who were involved in the events giving rise to these claims.

2.4. Defendant Christopher Christman ("Christman") is a City of Seattle police officer and, upon information and belief, a resident of the Western District of Washington.

2.5. Defendant Gabriel Shank ("Shank") is a City of Seattle police officer and, upon information and belief, a resident of the Western District of Washington.

2.6. Defendant Vincent Feuerstein ("Feuerstein") is a City of Seattle police officer and, upon information and belief, a resident of the Western District of Washington.

COMPLAINT FOR DAMAGES FOR
VIOLATIONS OF CIVIL RIGHTS AND
PERSONAL INJURY - 2
515576

CARNEY GILLESPIE ISITT PLLP

CHRISTOPHER CARNEY
CHRISTOPHER.CARNEY@CGI-LAW.COM
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

### III.   JURY DEMAND

3.1.   Pursuant to the Seventh Amendment of the U.S. Constitution and Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by a jury.

### IV.   FACTUAL ALLEGATIONS

4.1.   On December 11, 2010, Baijot-Clary went out with two friends – Simon Lee Thayer ("Thayer") and Jason Reynold Lamb ("Lamb").  In the early morning of December 12, 2010, Baijot-Clary was outside the Balmar Bar & Lounge in the Ballard neighborhood of Seattle.  At some point thereafter, Baijot-Clary observed a man, later identified as Garth Haynes, arguing with a woman.  Haynes was clearly intoxicated and belligerent.  Haynes angrily accused the young woman of stealing his jacket.  Baijot-Clary saw Haynes grab the woman by the arm; she began to struggle.  Because Baijot-Clary believed that Haynes was assaulting the woman, he intervened.  He asked Haynes to not touch the woman and asked that everyone wait for police to arrive.

4.2.   A struggle ensued.  Haynes shoved Baijot-Clary, while plaintiff attempted to restrain Haynes from hitting him or anyone else.  Shortly after the struggle began, Lamb and Thayer arrived and attempted to aid Baijot-Clary.  Baijot-Clary asked them to call the police for assistance, and tried to restrain Haynes until police arrived.

4.3.   At around 1:00 a.m. on December 12, 2010, uniformed officers from the Seattle Police Department began to arrive at the scene.  Baijot-Clary and his friends were immediately taken into custody.  An in-dash video taken by a Seattle Police Department patrol car shows that Baijot-Clary complied with officers' commands.  The video shows a responding officer place Baijot-Clary face down on the sidewalk and handcuff Baijot-Clary's

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND PERSONAL INJURY - 3
515576

CARNEY GILLESPIE ISITT PLLP

CHRISTOPHER CARNEY
CHRISTOPHER.CARNEY@CGI-LAW.COM
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

hands behind his back. While in custody, Baijot-Clary remained silent and did not attempt to engage Haynes or anyone else. As Baijot-Clary lay prone and handcuffed on the sidewalk, Haynes walked up and kicked Baijot-Clary in the head. Upon information and belief, the City of Seattle has a copy of this video, and its contents are incorporated by reference herein. A number of other police officers observed Haynes' actions, but did not report the assault upon Baijot-Clary. Instead, all or some of the officers misrepresented and/or omitted Haynes' behavior in their police reports.

4.4. At all material times herein, Baijot-Clary was unaware that Haynes was a City of Seattle police officer. Haynes was dressed in civilian clothes. Pursuant to Seattle Police Department policy, Haynes became an "on-duty officer" when he decided to detain the young woman outside the bar for theft of his jacket. Baijot-Clary first learned that Haynes was an officer of the Seattle Police Department after his arrest.

4.5. Baijot-Clary was arrested and transported to the Seattle Police Department's North precinct. Baijot-Clary was then booked into King County Jail. He was released on December 13, 2010, after he posted bail. After his release, defendants Haynes, Christman, Shank, and Feuerstein caused Baijot-Clary to be charged with and prosecuted for felony assault of a law enforcement officer, namely Haynes. They did so knowing that Baijot-Clary was innocent of that crime and to conceal and cover up Haynes' misconduct.

4.6. The King County Superior Court ultimately dismissed Baijot-Clary's felony assault charges with prejudice. However, Baijot-Clary incurred the cost of posting bail, attorney's fees and costs prior to the dismissal of the criminal charge.

COMPLAINT FOR DAMAGES FOR
VIOLATIONS OF CIVIL RIGHTS AND
PERSONAL INJURY - 4
515576

CARNEY GILLESPIE ISITT PLLP

CHRISTOPHER CARNEY
CHRISTOPHER.CARNEY@CGI-LAW.COM
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

## V. COLOR OF STATE LAW AND AGENCY

5.1. The actions and omissions of defendants set out in all paragraphs above were done under color of the laws of the State of Washington and pursuant to and as a result of the policies, customs and practices of the City of Seattle.

5.2. At all relevant times, the individual defendants were acting within the scope of their employment with the City of Seattle.

## VI. CAUSES OF ACTION

**A. UNREASONABLE USE OF FORCE IN VIOLATION OF THE FOURTH AMENDMENT AND 42 U.S.C. § 1983**

6.1. Defendant Haynes used unreasonable force during plaintiff's detention that was unnecessary and excessive, without legal justification, and in violation of his constitutional freedom from unreasonable seizure and to be secure in his person as guaranteed by the Fourth Amendment and 42 U.S.C. § 1983.

6.2. As a proximate result of defendant Haynes' use of unreasonable force, Baijot-Clary's civil rights were violated and he has suffered damages in an amount to be determined at trial.

**B. LIABILITY OF CITY OF SEATTLE BASED ON POLICIES, PRACTICES AND/OR CUSTOMS IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AS WELL AS OF 42 U.S.C. § 1983**

6.3. During the period relevant herein, defendant City had policies, practices, and/or customs that tolerated Seattle Police Department's use of unnecessary or excessive force in the course of performing their duties, including but not limited to using unnecessary or excessive force against individuals who are already under physical control.

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND PERSONAL INJURY - 5
515576

CARNEY GILLESPIE ISITT PLLP

CHRISTOPHER CARNEY
CHRISTOPHER.CARNEY@CGI-LAW.COM
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

6.4. During the period relevant herein, defendant City had polices, practices and/or customs that tolerated Seattle Police Department officers' to unnecessarily escalate a situation resulting in the use of unnecessary or excessive force against individuals.

6.5. During the time period relevant herein, defendant City had policies, practices, and/or customs whereby supervisors and command staff failed to adequately oversee officers' use of force nor did the City maintain adequate training, policies and/or practices to provide supervisors and command staff with direction on how to supervise individual officers' use of force.

6.6. By the foregoing City polices, practices and customs, and omissions, defendant City has acted, and has failed to act, in violation of the Fourth and Fourteenth Amendment of the U.S. Constitution and of 42 U.S.C. § 1983.

6.7. As a proximate result of the foregoing City policies, practices and/or customs, plaintiff's civil rights were violated and he has suffered damages in an amount to be determined at trial.

**C.  UNLAWFUL ARREST IN VIOLATION OF THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION, 42 U.S.C. § 1983 AND STATE LAW**

6.8. By virtue of the facts set forth above, the defendants are liable for the deprivation of Baijot-Clary's civil rights guaranteed by the Fourth Amendment of the Constitution of the United States and 42 U.S.C. Section 1983 to be free of an unreasonable search and seizure.

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND PERSONAL INJURY - 6
515576

CARNEY GILLESPIE ISITT PLLP

CHRISTOPHER CARNEY
CHRISTOPHER.CARNEY@CGI-LAW.COM
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

6.9. In contravention of Washington State law, defendants Haynes, Christman, Shank, Feuerstein and falsely imprisoned Baijot-Clary and, as a result of this false imprisonment, Baijot-Clary suffered harm and damages in an amount to be determined at trial.

6.10. Plaintiff's unlawful arrest and false imprisonment was without legal justification and deprived him of his constitutionally protected right to be free from an unreasonable search and seizure, and was the direct and proximate cause of Baijot-Clary's damages as alleged in this Complaint.

**D.    MALICIOUS PROSECUTION**

6.11. By virtue of the facts set forth above, and those that will be subsequently discovered, the defendants are liable for compensatory and punitive damages for maliciously prosecuting or causing Baijot-Clary to be maliciously prosecuted for crimes that he did not commit in contravention of 42 U.S.C. § 1983 and laws of Washington.

6.12. As a proximate result of the foregoing, the defendants violated Baijot-Clary's civil rights and he has suffered general and special damages in an amount to be determined at trial.

**E.    ASSAULT AND BATTERY**

6.13. Defendant Haynes assaulted and battered Baijot-Clary, who was completely compliant, handcuffed and helpless to resist or protect himself.

6.14. As the proximate result of this assault and battery, Baijot-Clary suffered personal injury and damages in an amount to be determined at trial.

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND PERSONAL INJURY - 7
515576

CARNEY GILLESPIE ISITT PLLP

CHRISTOPHER CARNEY
CHRISTOPHER.CARNEY@CGI-LAW.COM
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

**F.     NEGLIGENCE**

6.15.   Pursuant to the laws of Washington, defendant City had a duty to use reasonable care in training, supervising and retaining defendant Haynes.  By the foregoing, defendant City breached this duty.

6.16.   As a result of defendant City's negligence, plaintiff has suffered damages in an amount to be determined at trial.

**G.     OUTRAGE**

6.17.   Defendant Haynes, by his above-described actions and omissions, intentionally, or with reckless indifference to the well-being of Baijot-Clary, inflicted severe emotional distress upon him.

6.18.   The actions of the defendants as alleged above are so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community.

6.19.   As a proximate result of this intentional infliction of emotional harm, Baijot-Clary suffered harm and damages in an amount to be determined at trial.

## VII.     DAMAGES

7.1.    As a proximate cause of the foregoing, plaintiff suffered physical pain and suffering, emotional pain, humiliation, embarrassment, apprehension, ongoing fear of law enforcement, lost wages, medical expenses, and any and all special and general damages allowed by law or otherwise, all in an amount to be proven at trial.

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND PERSONAL INJURY - 8
515576

CARNEY GILLESPIE ISITT PLLP

CHRISTOPHER CARNEY
CHRISTOPHER.CARNEY@CGI-LAW.COM
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

7.2. As a proximate cause of the foregoing, punitive damages are owed because the conduct of Defendant Haynes was malicious, oppressive or in reckless disregard of Baijot-Clary's constitutional rights.

### VIII. PRAYER FOR RELIEF

WHEREFORE, plaintiff Jake Baijot-Clary prays for judgment against the defendants as follows:

1. Compensatory damages, including general and special damages, as proven at the time of trial, with interest thereon;

2. Punitive damages against Defendant Haynes;

3. Reasonable attorneys fees and costs pursuant to 42 U.S.C. § 1988;

4. Permanent injunctive relief requiring improved policies and training of Seattle Police Department officers and supervisors requiring bystander officers who observe misconduct by fellow officers to report the misconduct; elimination of use of unreasonable force; and improvement of supervisory responsibility on issues of use of unreasonable force; and

5. Such other and further relief as this Court deems just and equitable under the circumstances of this case.

DATED this _____ day of June, 2012.

 

_____
Christopher Carney, WSBA No. 30325
CARNEY GILLESPIE ISITT PLLP
100 W. Harrison Street, Suite N440

COMPLAINT FOR DAMAGES FOR
VIOLATIONS OF CIVIL RIGHTS AND
PERSONAL INJURY - 9
515576



CARNEY GILLESPIE ISITT PLLP

CHRISTOPHER CARNEY
CHRISTOPHER.CARNEY@CGI-LAW.COM
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

Seattle, Washington 98119
Phone: (206) 445-0220 * Fax: (206) 260-2486
Email: Christopher.Carney@CGI-Law.com

M. Lorena González, WSBA No. 37057
SCHROETER, GOLDMARK & BENDER
810 Third Avenue, Suite 500
Seattle, Washington 98104
Phone: (206) 622-8000 * Fax: (206) 682-2305
Email: gonzalez@sgb-law.com

Shaun Van Eyk, WSBA No. 41476
VAN EYK & MOORE PLLC
100 W. Harrison Street, Suite N440
Seattle, Washington 98119
Phone: (206) 445-0223 * Fax: (206) 452-0722
Email: Shaun@vaneyk-moore.com

Attorneys for Plaintiff Jake Baijot-Clary

COMPLAINT FOR DAMAGES FOR
VIOLATIONS OF CIVIL RIGHTS AND
PERSONAL INJURY - 10
515576



CARNEY GILLESPIE ISITT PLLP

CHRISTOPHER CARNEY
CHRISTOPHER.CARNEY@CGI-LAW.COM
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486